



**MEMO ENDORSED**

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RAJU SUNDARAN**<br>*Assistant Corporation Counsel*<br>Telephone: 212-788-0467<br>Facsimile: 212-788-9776<br>rsundara@law.nyc.gov |

November 6, 2007

**VIA FACSIMILE**

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

Re:     *Jusik, et al. v. City of New York, et al.*
    07 Civ. 7683 (RJS)(JCF)
    *Manders, et al. v. City of New York, et al.*
    07 Civ. 7752 (RJS)(JCF)
    *Rigby v. City of New York, et al.*
    07 Civ. 7751 (RJS)(JCF)

*[handwritten: Docket in all]*

Dear Judge Francis:

    I write with respect to the above referenced cases, which are newly filed RNC related cases. Defendants' responses are due on or about November 8, 2007. Therefore, defendants respectfully request an extension of time up to and including January 7, 2008 to respond to plaintiffs' newly filed complaints. This is defendants' first request for an extension of time. Plaintiffs' counsel refused to consent to defendants' enlargement request.

    There are several reasons defendants seek an enlargement of time. It is our understanding that records of the underlying criminal action (including the entire criminal court file, certain documents of the District Attorney's file, etc.) may have been sealed pursuant to New York Criminal Procedure Law § 160.50, and have not been previously ordered to be disclosed in the RNC consolidated discovery. This office is in the process of forwarding to plaintiffs for execution a consent and authorization for the release of sealed records so that defendants can access the information, properly assess the case, and respond to each complaint.

Additionally, upon information and belief, all of the named individual defendant officers were not served with a summons and complaint in this action. Assuming each individual defendant officer will be properly served, this office respectfully requests this extension for each, so that their defenses are not jeopardized while representational issues are being decided and the adequacy and manner of process on these defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). Furthermore, by granting the extension, defendants will be in a position to file one response on behalf of all defendants rather than having to file multiple responses resulting from the different dates of service on each individual defendant officer.

Finally, several of the claims asserted by plaintiffs in these new actions are identical to the claims that other RNC plaintiffs have sought to add to their amended complaints. Defendants have opposed those amendments and filed our opposition papers on October 19th. Defendants' opposition applies equally to at least one of the claims in these new actions. Granting the extension of time to answer here will allow us to address this issue one time and conserve judicial resources.

If this meets with the Court's approval, would you please "so order" it?

Respectfully submitted,

Raju Sundaran (RS 8011)

cc:   Jeffrey Rothman, Esq. (via Facsimile)

11/27/07

Application granted.
SO ORDERED.

James C. Francis IV
USMJ