UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
STEPHEN KENT JUSICK, ARIES DE LA CRUZ, and
JUSTIN TAYLOR,

                                              Plaintiffs,

                -against-

THE CITY OF NEW YORK; MICHAEL BLOOMBERG,
Mayor of the City of New York; RAYMOND KELLY,
New York City Police Commissioner; STEPHEN
HAMMERMAN, Former Deputy Commissioner for Legal
Matters, New York City Police Department; DAVID
COHEN, Deputy Commissioner for Intelligence, New
York City Police Department; THOMAS DOEPFNER,
Assistant Deputy Commissioner for Legal Matters, New
York City Police Department; NYPD LIEUTENANT
DANIEL ALBANO; NYPD DEPUTY INSPECTOR
KERRY SWEET, NYPD Legal Bureau Executive Officer;
NYPD Legal Bureau Senior Counsel RUBY MARIN-
JORDAN NYPD LEGAL BUREAU SUPERVISOR(S)
AT PIER 57; JOSEPH ESPOSITO, Chief of the New York
Police Department; THOMAS GRAHAM, Commander,
Disorder Control Unit, New York City Police Department;
JACK MCMANUS, Assistant Chief, New York City
Police Department; BRUCE SMOLKA, former
Commander, Patrol Borough Manhattan South, New York
City Police Department; TERENCE MONAHAN,
Assistant Chief of the Bronx Borough Command; JOHN J.
COLGAN, Assistant Chief, New York City Police
Department; JAMES P. O'NEILL, Deputy Chief, New
York City Police Department; POLICE SERGEANT
RAYMOND NG, Shield No. 92286; POLICE OFFICER
ERIC RIVERA, Shield No. 15811; POLICE OFFICER
PAUL PIZZUTA, Shield No. 04268; POLICE OFFICER
MARK ALBERTSEN, Shield No 04385; JOHN DOES;
RICHARD ROES; HUDSON RIVER PARK TRUST,

                                              Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE COMPLAINT**

07 CV 7683 (RJS)(JCF)

Defendants Terence Monahan, Thomas Graham, Raymond Ng, Eric Rivera, Paul Pizzuta, and Mark Albertsen, by their attorneys, Michael A. Cardozo, Corporation Counsel for the City of New York, as and for their answer to plaintiff's Complaint (the "Complaint"), respectfully allege as follows:

## AS TO PLAINTIFFS' "PRELIMINARY STATEMENT"

1. Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to seek the relief as stated therein.

## AS TO "JURISDICTION"

2. Defendants deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to bring this action as stated therein.

3. Defendants deny the allegations set forth in paragraph "3" of the Complaint, except admit that Plaintiff purports to invoke the Court's jurisdiction as stated therein.

## AS TO "JURY TRIAL DEMANDED"

4. Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that Plaintiff demands a jury trial.

## AS TO "VENUE"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that Plaintiff purports that venue is proper.

## AS TO "PARTIES"

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Defendants deny the allegations set forth in Paragraph "9" of the Complaint, except admit that Defendant City of New York is a municipal corporation duly organized and operating under the laws of the State of New York and respectfully refer the Court to the appropriate enabling statute and the related laws of the State and City of New York for their content and meaning as to its responsibilities.

10. Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except admit that Michael R. Bloomberg is the Mayor of the City of New York.

11. Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except admit that Raymond Kelly is the Police Commissioner for the City of New York.

12. Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except aver that Stephen Hammerman is the former Deputy Commissioner of Legal Matters for the New York City Department.

13. Defendants deny the allegations set forth in Paragraph "13" of the Complaint, except admit that David Cohen is the Deputy Commissioner for Intelligence for the New York City Police Department.

14. Defendants deny the allegations set forth in Paragraph "14" of the Complaint, except admit that Thomas Doepfner is the Assistant Deputy Commissioner of Legal Matters for the New York City Police Department.

15. Defendants deny the allegations set forth in Paragraph "15" of the Complaint, except admit that Daniel Albano is a Lieutenant assigned to the NYPD Legal Bureau.

16. Defendants deny the allegations set forth in Paragraph "16" of the Complaint, except admit that Kerry Sweet is a Deputy Inspector assigned to the New York City Police Department.

17. Defendants deny the allegations set forth in Paragraph "17" of the Complaint, except admit that Ruby Marin-Jordan is Senior Counsel in the NYPD Legal Bureau.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "18" of the Complaint.

19. Defendants deny the allegations set forth in Paragraph "19" of the Complaint, except admit that Joseph Esposito is the Chief of Department of the New York City Police Department.

20. Defendants deny the allegations set forth in Paragraph "20" of the Complaint, except admit that Thomas Graham is the Commanding Officer of the Disorder Control Unit of the New York City Police Department.

21. Defendants deny the allegations set forth in Paragraph "21" of the Complaint, except admit that Jack McManus is a former Assistant Chief in the New York City Police Department.

22. Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except admit that Bruce Smolka is a retired Assistant Chief of the New York City Police Department and former Commanding Officer of Patrol Borough Manhattan South.

23. Defendants deny the allegations set forth in Paragraph "23" of the Complaint, except admit that Terence Monahan is an Assistant Chief in the New York City Police Department.

24. Defendants deny the allegations set forth in Paragraph "24" of the Complaint, except admit that John Colgan is a Chief in the New York City Police Department.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "25" of the Complaint, except admit that, on or about August 29, 2004, Terence Monahan, James O'Neill, Raymond Ng, Eric Rivera, Paul Pizzuta, and Mark Albertsen were employed by the City of New York.

26. Defendants deny the allegations set forth in paragraph "26" of the Complaint, except to admit that on or about August 29, 2004 Michael Bloomberg, Raymond Kelly, Stephen Hammerman, David Cohen, Thomas Doepfner, Daniel Albano, Kerry Sweet, Ruby Marin-

Jordan, Joseph Esposito, Thomas Graham, Jack McManus, Bruce Smolka, Terence Monahan, John Colgan, and James O'Neill were employed by the City of New York.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint, except admit that the HRPT entered into an agreement with the City of New York regarding the use of Pier 57.

## AS TO THE "STATEMENT OF FACTS"

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint, except admit that on August 29, 2004, individuals were arrested in the vicinity of Times Square.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint except to admit that on or about August 29, 2004 Terence Monahan and James O'Neill were in the vicinity of Times Square.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint except to admit that Officer Rivera was the arresting officer for plaintiff De La Cruz..

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint except to admit that Officer Ng was the arresting officer for plaintiff Jusick.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint except to admit that Officer Albertsen was the arresting officer for plaintiff Taylor.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint except to admit that on or about August 29, 2004 Terence Monahan was in the vicinity of 45th Street and 8th Avenue.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint, except admit that the HRPT entered into an agreement with the City of New York regarding the use of Pier 57.

57. Defendants deny the allegations set forth in paragraph "57" of the Complaint except to admit that certain individuals arrested at the RNC were transported to the Post Arrest Staging Site ("PASS") at Pier 57.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint.

61. Defendants deny the allegations set forth in paragraph "61" of the Complaint.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65. Defendants deny the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint

67. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint.

68. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Defendants deny the allegations set forth in paragraph "69" of the Complaint.

70. Defendants deny the allegations set forth in paragraph "70" of the Complaint.

71. Defendants deny the allegations set forth in paragraph "71" of the Complaint.

72. Defendants deny the allegations set forth in paragraph "72" of the Complaint.

73. Defendants deny the allegations set forth in paragraph "73" of the Complaint.

74. Defendants deny the allegations set forth in paragraph "74" of the Complaint.

75. Defendants deny the allegations set forth in paragraph "75" of the Complaint.

## AS TO THE FIRST CLAIM

76. In response to the allegations set forth in paragraph "76" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

77. Defendants deny the allegations set forth in paragraph "77" of the Complaint.

78. Defendants deny the allegations set forth in paragraph "78" of the Complaint.

## AS TO THE SECOND CLAIM

79. In response to the allegations set forth in paragraph "79" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

80. Defendants deny the allegations set forth in paragraph "80" of the Complaint.

81. Defendants deny the allegations set forth in paragraph "81" of the Complaint.

## AS TO THE THIRD CLAIM

82. In response to the allegations set forth in paragraph "82" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

83. Defendants deny the allegations set forth in paragraph "83" of the Complaint.

84. Defendants deny the allegations set forth in paragraph "84" of the Complaint.

85. Defendants deny the allegations set forth in paragraph "85" of the Complaint.

86. Defendants deny the allegations set forth in paragraph "86" of the Complaint.

87. Defendants deny the allegations set forth in paragraph "87" of the Complaint.

88. Defendants deny the allegations set forth in paragraph "88" of the Complaint.

89. Defendants deny the allegations set forth in paragraph "89" of the Complaint.

90. Defendants deny the allegations set forth in paragraph "90" of the Complaint.

91. Defendants deny the allegations set forth in paragraph "91" of the Complaint.

92. Defendants deny the allegations set forth in paragraph "92" of the Complaint.

93. Defendants deny the allegations set forth in paragraph "93" of the Complaint.

94. Defendants deny the allegations set forth in paragraph "94" of the Complaint.

95. Defendants deny the allegations set forth in paragraph "95" of the Complaint.

## AS TO THE FOURTH CLAIM

96. In response to the allegations set forth in paragraph "96" of the Complaint, Defendants repeat and re-allege all the preceding paragraphs of their answer, as if set forth fully herein.

97. Defendants deny the allegations set forth in paragraph "97" of the Complaint.

98. Defendants deny the allegations set forth in paragraph "98" of the Complaint.

99. Defendants deny the allegations set forth in paragraph "99" of the Complaint.

100. Defendants deny the allegations set forth in paragraph "100" of the Complaint.

101. Defendants deny the allegations set forth in paragraph "101" of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

102. The Complaint fails in whole or in part to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

103. There was probable cause for Plaintiff's arrest, detention, and/or prosecution.

## THIRD AFFIRMATIVE DEFENSE

104. Any and all injuries alleged in the complaint were caused, in whole or in part, by plaintiff's culpable, negligent, or intervening conduct and were not the proximate result of any act of defendants.

## FOURTH AFFIRMATIVE DEFENSE

105. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known, and therefore, are entitled to qualified immunity.

## FIFTH AFFIRMATIVE DEFENSE

106. Punitive damages cannot be recovered as against the defendants; and, if available, the amount of such damages shall be limited by applicable state and federal constitutional provisions, including due process, and other provisions of law.

## SIXTH AFFIRMATIVE DEFENSE

107. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor has defendant violated any act of Congress providing for the protection of civil rights.

## SEVENTH AFFIRMATIVE DEFENSE

108. At all times relevant to the acts alleged in the Complaint, defendant City of New York, its agents and employees, and any and all defendants, acted reasonably in the proper and lawful exercise of his discretion. Therefore, Defendant City of New York is entitled to governmental immunity from liability.

## EIGHTH AFFIRMATIVE DEFENSE

109. Plaintiff's claims are barred, in part, by his failure to comply with the conditions precedent to suit including, but not limited to, N.Y. General Municipal Law §50-e and §50-i.

## NINTH AFFIRMATIVE DEFENSE

110. Plaintiff's claims are barred, in part, by the applicable statute of limitations.

## TENTH AFFIRMATIVE DEFENSE

111. There is no personal jurisdiction over the defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

112. To the extent Defendants used any force, it was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

## TWELFTH AFFIRMATIVE DEFENSE

113. Plaintiff failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

114. Plaintiff consented to the acts about which he complains.

### FOURTEENTH AFFIRMATIVE DEFENSE

115. Plaintiff's claims are barred, in whole or in part, by his contributory or comparative negligence and by his assumption of the risk.

### FIFTEENTH AFFIRMATIVE DEFENSE

116. Plaintiff lacks standing to demand declaratory or injunctive relief.

### SIXTEENTH AFFIRMATIVE DEFENSE

117. At all times relevant to the acts alleged in the Complaint, plaintiff was not engaged in any form of speech which is protected by the First Amendment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

118. At all times relevant to the acts alleged in the Complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### EIGHTEENTH AFFIRMATIVE DEFENSE

119. Plaintiff provoked the incidents of which he complains.

### NINETEENTH AFFIRMATIVE DEFENSE

120. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

## TWENTIETH AFFIRMATIVE DEFENSE

121. Any force used by defendants was reasonable, necessary, and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others

## TWENTY-FIRST AFFIRMATIVE DEFENSE

122. Plaintiff's claims are barred, in whole or in party, by the doctrine of laches.

**WHEREFORE,** defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       January 24, 2008

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the City of New York
                            *Attorney for Defendants*
                            100 Church Street
                            New York, New York 10007
                            (212) 513-7927

                By:   /s/_____
                         Gerald S. Smith
                         Senior Corporation Counsel