

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

**Gerald S. Smith**
*Senior Counsel*
gsmith@law.nyc.gov
Tel: (212) 513-7927
Fax: (212) 788-9776

August 7, 2008

***BY ECF***

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
    United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

Re:        ***Jusick, et al. v. City of New York, et al.,*** **07 CV 7683 (RJS)
           (JCF)**

Dear Judge Francis:

        Defendants respectfully request that the Court enter an Order permitting Defendants to conduct the depositions of non-party witnesses upon whom Plaintiffs Stephen Kent Jusick and Justin Taylor (hereinafter collectively referred to as "Plaintiffs" or individually by last name) expect to rely upon at trial or in support of dispositive motions. Your Honor previously endorsed Defendants' application to take the depositions of those non-party witnesses that were consented to by the parties in the consolidated actions. (See Endorsed Letter from Tonya Jenerette, dated July 11, 1008). This application concerns the depositions of non-party witnesses where Plaintiffs have refused to consent to some or all of the depositions.

        Plaintiffs first disclosed their intention to rely upon the non-party witnesses at issue in a letter dated April 4, 2008.[1] In this letter, Plaintiffs reserved the right to call at a trial of these matters ten non-party witnesses who have not been deposed. Defendants conferred with Plaintiffs' counsel in an effort to secure consent to proceed with the depositions of these witnesses. However, Plaintiffs refused to consent to the depositions of the majority of these witnesses on the grounds that Defendants' request is untimely and that some of the witnesses were previously disclosed in various discovery documents or referenced in one of hundreds of volumes of deposition transcripts.

---

[1]        A copy of Plaintiffs' April 4, 2008 letter (the "April 4 Letter") is annexed hereto as Exhibit A.

Taking the testimony of those witnesses is critical to Defendants' ability to effectively prepare for trial and craft dispositive motions. For example, 8 of the witnesses listed in Plaintiffs' April 4 Letter have subsequently been identified by Plaintiffs as individuals who may testify about the events concerning the arrests made in the vicinity of 44th Street and 8th Avenue on 8/29/04. Without this testimony, Defendants will be subject to ambush at trial or on summary judgment, a result which is highly prejudicial to Defendants and does not serve justice. For these and the additional reasons set forth below, Defendants respectfully request that the Court enter an order permitting Defendants to take the depositions of the following witnesses: Matthew Westfall, Bob Perry, Eli AKA Veronica Scheid, Dominic Wetzel, Abby Schkloven, Adriana Saldana, Matt Bray, and Haley Hemwall[2].

## I.    *Defendants Noticed These Depositions In A Timely Manner*

The witnesses Defendants seek to depose were meaningfully identified for the first time in Plaintiffs' April 4 Letter. Plaintiffs claim that Defendants should have deposed these witnesses earlier when their names were disclosed in discovery materials such as deposition transcripts and interrogatory responses. This argument, however, is without merit as Defendants did notice the depositions of these witnesses in a timely manner and while discovery was still ongoing.

As the Court is aware, Plaintiffs' April 4 Letter was provided to Defendants pursuant to a Court Order dated March 31, 2008. That Order, in turn, resulted from an application made by Defendants on February 13, 2008 in which Defendants indicated their intent to depose any non-party witnesses upon whom Plaintiffs intended to rely at trial or in support of dispositive motions.[3] Discovery in this matter did not close until April 30, 2008. Therefore, Plaintiffs were on notice of Defendants' intent to depose the witnesses in question while discovery was still ongoing. Plaintiffs cannot claim that Defendants waited too long or were in any way dilatory in their efforts to identify and depose these non-party witnesses, as Defendants attempted to do so *while discovery was still ongoing.* Accordingly, Defendants should be permitted to depose the non-party witnesses identified in Plaintiffs' April 4 Letter.

## II.    *Defendants Will Be Severely Prejudiced If Their Application Is Denied*

Plaintiffs will not suffer any prejudice if this Court grants Defendants' application because discovery in this matter only recently closed and is still proceeding in all RNC litigations on several tracks. For example, as a result of recent orders concerning failure to provide discovery, a number of Plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; Plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of

---

[2]      The latter three, Adriana Saldana, Matt Bray, and Haley Hemwall, were fully identified for the first time in plaintiff's April 4 Letter.

[3]      A copy of Defendants' letter dated February 13, 2008 is attached at Exhibit B.

medical providers.  Defendants anticipate that the depositions will be short in duration, with several occurring per day.  For these reasons, the depositions requested here will not unduly prolong fact discovery nor prejudice Plaintiffs in any material respect.

Any potential prejudice to Plaintiffs is minimal compared to the severe prejudice that Defendants will suffer if the application is denied.  The prejudice to Defendants is magnified here because the depositions of likely trial witnesses are at issue.  Plaintiffs have reserved their rights to call any one of the non-party witnesses whose testimony is sought here at trial or to rely upon their testimony in support of a motion for summary judgment.  Defendants need to know the content of their testimony prior to trial or the filing of dispositive motions.  Without that information, Defendants are subject to ambush at trial, which is highly prejudicial to Defendants, contrary to federal practice and a result that does not serve justice.  *See generally*, *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

### III.    *Relief Requested*

For the reasons set forth above Defendants respectfully request that this Court permit Defendants to proceed with taking the depositions of the non-party witnesses set forth above. The depositions shall be completed within sixty (60) days of the date of entry of this Order.

Respectfully submitted,

Gerald S. Smith

cc:    Jeffrey A. Rothman, Esq.
       (via e-mail)

3

# EXHIBIT A

# Jeffrey A. Rothman
### Attorney at Law
315 Broadway, Suite 200
New York, NY 10007
Tel.: (212) 227-2980; Cell: (516) 455-6873
Fax: (212) 591-6343
rothman.jeffrey@gmail.com

April 4, 2008

By Email to:
RNC Defense Team
NYC Law Department
100 Church Street
New York, NY 10007

Re:    *Coburn, et al. v. City of New York, et al.*, 05 Civ. 7623 (RJS) (JCF);
*Phillips, et al. v. City of New York, et al.* 05 Civ. 7624 (RJS) (JCF);
*Sloan, et al. v. City of New York, et al.*, 05 Civ. 7668 (RJS) (JCF);
*Galitzer v. City of New York, et al.*, 05 Civ. 7669 (RJS) (JCF);
*Bastidas, et al. v. City of New York, et al.*, 05 Civ. 7670 (RJS) (JCF);
*Xu, et al. v. City of New York, et al.*, 05 Civ. 7672 (RJS) (JCF);
*Sikelianos v. City of New York, et al.*, 05 Civ. 7673(RJS) (JCF);
*Drescher v. City of New York, et al.*, 05 Civ. 7541 (RJS)(JCF);
*Manders, et al. v. City of New York, et al.*, 07 Civ. 7752 (RJS) (JCF);
*Jusick, et al. v. City of New York, et al.*, 07 Civ. 7683 (RJS) (JCF);
*Rigby v. City of New York, et al.*, 07 Civ. 7751 (RJS) (JCF);

Dear Counsel:

Per Judge Francis' Orders of March 19 and March 26, 2008, plaintiffs provide you with the following list of non-party fact witnesses who have not been deposed or scheduled for deposition who plaintiffs reasonably expect to testify at trial[1]:

Concerning events and plaintiffs arrested at or around 35th Street between 5th and 6th Avenues on 8/31/04

- Joanne Wypijewski
- Professor John S. Mayher
- Nicole Hoffman
- Joseph Krings
- Mark Weaver

---

[1] The listing of these witnesses by arrest location is for your convenience only, and should not be construed to limit the subject matter of any of the witnesses' testimony.

1

Concerning events and plaintiffs arrested at or around 16th Street between Union Square East and Irving Place on 8/31/04

- Barbara Cohen
- Hannah Rappleye
- David Karsnove

Concerning events and plaintiffs arrested at or around 17th Street and 5th Avenue on 8/31/04

- Jonathan Nieves (Mr. Nieves testified at a 50-h hearing)
- Nicole Bade
- Nate Bade

Concerning events and plaintiffs arrested at or around 46th Street and Broadway on 8/29/04

- Rose Johnson
- Ken Albers
- Joseph Kelly
- Kevin Dolak

Concerning events at or around the arrest of Nikolas Sikelianos on 27th Street between Park and Madison Avenues on 8/31/04

- Angel Chevrestt

Concerning events and plaintiffs arrested at or around 44th / 45th Street and 8th Avenue on 8/29/04

- Matthew Westfall
- Bob Perry (also concerning the arrests at 16th Street and 17th Street on 8/31/04)
- Eli, AKA Veronica Scheid
- Adrian Saldana
- Dominick Wetczel
- Abby Schkloven
- Deborah and Raymond Barron
- Matt Bray
- Haley Hemwall

Concerning events at or around the arrest of Gwynn Galitzer at the New York Public Library on 8/31/04

- Grace Kalambay
- Marc Steir

2

Miscellaneous

      - Jay Bermudez: was the Transit Workers Union, Local 100 union chairperson for Pier 57.

      In addition to those individuals listed above, plaintiffs may call at a trial of any of the above actions a few arrestees from each RNC mass arrest location. While plaintiffs would likely utilize only presently named plaintiffs who have been deposed for this, plaintiffs also reserve their right to call as witnesses in that regard those RNC plaintiffs who were arrested at these mass arrest locations who have settled their actions prior to being deposed and, if that should additionally unexpectedly prove insufficient, to call as a witness other RNC arrestees from these mass arrest locations who are members of the putative class action (all of whose names and arrest paperwork are, of course, in Defendants' possession).

      Plaintiffs reserve the right to revise, supplement or shorten this list at the time of the joint pre-trial order. Plaintiffs also reserve the right to call at trial any non-party, non-deposed witness identified by any of the other RNC plaintiffs' counsel or by defense counsel pursuant to Judge Francis's March 19 and March 26, 2008 Orders.

      Thank you for your consideration in this matter.

                      Sincerely yours,

                      Jeffrey Rothman

cc:     All RNC counsel (by e-mail distribution list)

# EXHIBIT B



THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Gerald S. Smith
*Senior Counsel*
gsmith@law.nyc.gov
Tel: (212) 513-7927
Fax: (212) 788-9776

February 13, 2008

### BY FACSIMILE

The Honorable James C. Francis IV
United States Magistrate Judge
Daniel Patrick Moynihan
   United States Courthouse
500 Pearl Street - Room 1960
New York, New York 10007-1312

        *Re:*        ***Consolidated RNC Cases***

Dear Judge Francis:

        Defendants write in advance of Friday's status conference and wish to raise one issue for discussion.

Identification of Non-Party Witnesses

        During the course of discovery in these matters, Plaintiffs have identified hundreds of individuals as having knowledge of Plaintiffs' claims. These individuals were identified in Plaintiffs' responses to Defendants' Interrogatories as well as during deposition testimony and in documents produced by Plaintiffs. Defendants do not wish to depose all of these individuals, nor do they believe it would be an appropriate use of time and resources, as it is unlikely that all of these individuals will actually be called at trial. Defendants do, however, want to depose those persons Plaintiffs intend to call at trial or use in support of a motion for summary judgment.

        In an effort to narrow the number of depositions necessary, Defendants requested on January 22, 2008, that all Plaintiffs identify which of those individuals that were previously identified they intend to call as witnesses at trial or in support of a motion for summary judgment.

        The majority of Plaintiffs have not responded to Defendants' January 22nd request. Of those that have responded, many have stated that they did not think that they need to narrow the persons identified as requested, while others have stated that they reserved the right to call any and all of the hundreds of non-party witnesses identified thus far, and in some cases identified additional non-party witnesses not previously identified.

Defendants believe that their January 22nd request was appropriate based upon prior practice as ordered by this Court in the *Dinler and Schiller* cases. We intend to raise this issue with the Court on Friday to determine whether we need to make a formal application to the Court for relief.[1]

Respectfully submitted,

Gerald S. Smith

cc:    RNC Counsel (by email distribution list)

---

[1]    We note that Mr. Spiegel has requested an opportunity to meet and confer prior to Defendants making a motion.